JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LEGENDARY PARTNERS, LLC, and SCOTT L. SNYDER,<br><br>　　　　Defendants. | Case No. 8:23-cv-01282-JWH-DFM<br><br>**FINAL JUDGMENT** |

Plaintiff Securities and Exchange Commission (the "SEC") having filed a Complaint and Defendants Legendary Partners, LLC ("Legendary Partners") and Scott L. Snyder ("Snyder") (jointly, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided in paragraph 18); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. Defendants are permanently **RESTRAINED** and **ENJOINED** from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

   a. to employ any device, scheme, or artifice to defraud;

   b. to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

   c. to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

2. As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:

   a. Defendants' officers, agents, servants, employees, and attorneys; and

   b. other persons in active concert or participation with Defendants or with anyone described in paragraph 2(a).

3. Defendants are permanently **RESTRAINED** and **ENJOINED** from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    a. to employ any device, scheme, or artifice to defraud;

    b. to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    c. to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

4. As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:

    a. Defendants' officers, agents, servants, employees, and attorneys; and

    b. other persons in active concert or participation with Defendants or with anyone described in paragraph 4(a).

5. Pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Snyder is permanently **RESTRAINED** and **ENJOINED** from, directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent him from purchasing or selling securities for his own personal account.

6. As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:

    a. Snyder's officers, agents, servants, employees, and attorneys; and

    b. other persons in active concert or participation with Snyder or with anyone described in paragraph 6(a).

  7. Pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and/or Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Snyder is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

  8. Legendary Partners is liable for disgorgement of $184,705.64, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $43,130.05, and a civil penalty in the amount of $184,705.64 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act.  Legendary Partners shall satisfy this obligation by paying $412,541.33 to the SEC within 30 days after entry of this Final Judgment.

  9. Snyder is liable for disgorgement of $42,635.98, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $9,955.83, and a civil penalty in the amount of $50,000 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act.  Snyder shall satisfy this obligation by paying $102,591.81 to the SEC pursuant to the terms of the payment schedule set forth in paragraph 15 below after entry of this Final Judgment.

  10. Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by

certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to:

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Legendary Partners, LLC or Scott L. Snyder as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

11. The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

12. The SEC may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The SEC shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

13. The SEC may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any

distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

14. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

15. Snyder shall pay the total of disgorgement, prejudgment interest, and penalty due of $102,591.81 in twelve installments to the SEC according to the following schedule:

    a.    $45,000, within 30 days of entry of this Final Judgment;
    b.    $4,799.32 within 90 days of entry of this Final Judgment;
    c.    $4,799.32 within 180 days of entry of this Final Judgment;
    d.    $4,799.32 within 270 days of entry of this Final Judgment;
    e.    $4,799.32 within 360 days of entry of this Final Judgment;

|   |   |   |
|---|---|---|
| f. | $4,799.32 within 450 days of entry of this Final Judgment; |
| g. | $4,799.32 within 540 days of entry of this Final Judgment; |
| h. | $4,799.32 within 630 days of entry of this Final Judgment; |
| i. | $4,799.32 within 720 days of entry of this Final Judgment; |
| j. | $4,799.32 within 810 days of entry of this Final Judgment; |
| k. | $4,799.32 within 900 days of entry of this Final Judgment; |
| l. | $4,799.32 within 990 days of entry of this Final Judgment; and |

$4,799.29 within 1080 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the SEC and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Snyder shall contact the staff of the SEC for the amount due for the final payment.

16. If Snyder fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the SEC without further application to the Court.

17. The Consents are incorporated herein with the same force and effect as if fully set forth herein, and Defendants shall comply with all of the undertakings and agreements set forth therein.

18. Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Snyder, and further, any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by the Snyder under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Snyder of the federal securities laws or any regulation or order issued under such

laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

19. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

20. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

Dated: \_\_\_\_July 26\_\_\_\_, 2023

THE HON. JOHN W. HOLCOMB
UNITED STATES DISTRICT JUDGE